[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage under Connecticut General Statutes Chapter 815j. On May 7, 1992, the Court heard the trial, made certain findings, and ordered the marriage dissolved. The Court reserved decision on other issues related to the dissolution.
The parties have been married for nearly twenty (20) years, and have two minor children, a son and a daughter, who are sixteen and thirteen years old, respectively. The parties first met while they were students at Hart College of Music, and both parties are currently employed as music teachers by the Board of Education for the Town of Ellington. The defendant graduated from Hart in 1971, and the parties married soon after the plaintiff's graduation in 1972. During the marriage both parties acquired master's degrees, and the defendant completed "sixth year" requirements, also. While employed by the Ellington School system, the plaintiff CT Page 4459 took two leaves of absence after the births of the children. The plaintiff has accumulated about sixteen years of credited service with the school system, and the defendant has accumulated over twenty years. As a consequence of holding a move advanced degree and longer credited service, the defendant is paid slightly more per week than the plaintiff, has greater seniority, and has about $16,000.00 more in his pension plan account. During the marriage, the parties shared, fairly equally, in the paying of bills and garnering of savings.
Shortly after the birth of their younger child, their marriage deteriorated to the point where marriage counselling was sought. From 1980 to 1989, the parties engaged in such counselling with at least four different counsellors. In September 1989, the defendant told the plaintiff that he held no love or affection for her and that he wanted to move out of their home. After further counselling proved ineffective, the defendant, in January 1990, did move out, and the parties have lived apart ever since.
The plaintiff introduced some evidence that, during the summer of 1989, the defendant had developed an affectionate relationship with another woman. (Plaintiff's Exhibit C). The defendant denies that his relationship with this other woman was a physical one. Because the Court finds that any relationship with this woman was not a cause of the marital breakdown, but rather the result of it, the precise nature of this relationship is immaterial. The Court finds that the marriage was irreconcilably damaged because of the absence of affection and respect between the parties and the resulting loss of communication, understanding, and willingness to accommodate which inevitably flows from such absence.
At the trial certain issues appeared uncontested or easily disposed of. Custody of the two minor children shall be joint with primary, physical custody in the plaintiff. The defendant shall have reasonable rights of access and visitation. The defendant shall pay to the plaintiff $150.00 per week per child as a child support for a total of $300.00 per week. Given the defendant's previous history of withholding and failing to make timely child support payments, an immediate wage execution may issue in this regard. The defendant shall also pay the plaintiff for one-half of any unreimbursed medical expenses of whatever nature. The parties shall name their two children as the beneficiaries under their life insurance policies.
As to tangible, personal property, the defendant shall CT Page 4460 retain the Cadillac and Datsun automobiles, and the plaintiff shall retain the Toyota. The plaintiff shall retain all other tangible, personal property currently at the marital home except for a VCR and a reasonable share of family photographs. The defendant shall retain all other tangible, personal property currently at his apartment.
The plaintiff may claim their daughter, Colleen as a defendant for tax purposes, and the defendant may claim their son, Thomas.
As to significant other assets, the Court finds the following:
That the marital residence has a present, fair-market value of $165,000.00, and the equity in said property is about $48,500.00; that the plaintiff possess about $1,200.00 in bank accounts; $16,000.00 in a joint IDS account; and expects to receive a $3,000.00 income tax refund for 1991. And that the defendant has about $22,000.00 in various bank accounts in his individual name, and $4,350.00 in a joint credit union account.
Taking into consideration the factors set forth in Conn. Gen. Stat. Section 46b-81(c) the Court draws the following conclusions and makes the following orders with respect to these assets. During the time the parties lived together they shared expenses and accumulated assets jointly and in a roughly equal fashion. The plaintiff devoted four to five years, full time, to the raising of the couple's children, which contribution on her part, resulted, in part, in the defendant's greater pay, benefits, and job security. Also, because the court anticipates awarding the marital home to the plaintiff, and along with it the obligations under the first and second mortgages, the Court feels that, except for the pension plan funds, the assets noted above ought to be divided between the plaintiff and defendant on a sixty percent and forty percent basis, respectively.
The sum of the cash assets plus the equity in the residence is about $95,000.00 Forty percent of $95,000.00 is $38,000.00. The defendant has $22,000.00 in his bank accounts currently, leaving a difference from $38,000.00 of $16,000.00. Because the IDS account is almost this difference, to effectuate the split of assets in the ratio above, the Court orders the plaintiff to transfer her interest in the IDS account to the defendant. The defendant is likewise, ordered to quitclaim his interest in the marital residence to the plaintiff. The plaintiff shall hold the defendant harmless for any sums owed by reason of the CT Page 4461 first and second mortgages. These transfers leave the plaintiff with $57,000.00 worth of the assets, and the defendant with $38,000.00 worth.
Each party shall retain their separate interests in their own pension plans.
There are other issues to be addressed. The Court finds that the defendant owes $750.00 to the plaintiff as his one-half share of unreimbursed medical expenses of the children, which expenses have been incurred, and the defendant has failed to pay. Additionally, the plaintiff has paid $280.00 in automobile insurance for one of the defendant's automobiles. Therefore, the defendant is ordered to pay the plaintiff $1,030.00 for these expenses.
Taking into account the factors enumerated in Conn. Gen. Stat. Sec. 46-82, the Court, also, awards the plaintiff $1.00 per year alimony for five years. Because of the present fiscal crisis, every municipality in Connecticut, including Ellington, faces budget cuts which often translate into teacher layoffs. The evidence in this case indicates that those layoffs are a genuine concern for the plaintiff who stands second in line to be laid off. This precarious work situation is partially the result of the loss of seniority she sustained by taking the child-rearing and maternity leaves described above. Under these circumstances, the defendant's resources ought to be available to pay alimony should the worst occur. In addition, the plaintiff has sustained a jaw injury which may cause her ability to teach singing and certain musical instruments to be diminished. The award of alimony is designed to protect against these contingencies.
Finally, taking into consideration the factors listed in Conn. Gen. Stat. Sections 46b-62 and 46b-82, the Court awards the plaintiff $5,000.00 in attorney's fees. The plaintiff had to bring two contempt motions to secure continued payment of child support during the pendency of this action. The defendant admitted that he intentionally withheld child support out of a frustration with the way the litigation was proceeding. In his words, he wished to bring these matters "to a head." The Court feels attorney's fees are justified in light of all the circumstances of this case.
BY THE COURT, HON. SAMUEL SFERRAZZA, J. CT Page 4462